FRANK McCLEARY CATTLE COMPANY, A CORPORATION, APPELLANT, v. C. A. SEWELL AND ORENE H. SEWELL, HIS WIFE, RESPONDENTS.

No. 3995

November 12, 1957                    317 P.2d 957

*James A. Callahan,* of Winnemucca, and *Eugene H. Anderson,* of Boise, Idaho, for Appellant.

*Orville R. Wilson,* of Elko, for Respondents.

**O P I N I O N**

By the Court, MERRILL, J.:

This action was brought by respondents against Henry McCleary Timber Company, a Washington corporation.

Judgment in favor of respondents was affirmed upon appeal to this court. McCleary Timber Company v. Sewell, 72 Nev. 231, 301 P.2d 1047. The present appeal is taken by Frank McCleary Cattle Company, a Nevada corporation, from a special order after judgment, by which order the assets of appellant were made available to execution upon the judgment against the timber company. The order followed hearing in proceedings supplemental to execution. Appellant contends that the only method by which its assets can be subjected to judgment against the timber company is through an independent action brought against appellant.

It may be conceded that appellant's contentions would have merit in the ordinary case where property in the hands of a third party is sought to be subjected to a judgment debt. The court below, disregarding corporate entities, held that the cattle company was the alter ego of the timber company. The questions before us on this appeal are whether this ruling was justified by the evidence and, if so, whether the necessity for an independent action and judgment against the cattle company was thereby eliminated.

The evidence establishes the following facts: The action below was based upon an agreement entered into between respondents and the timber company on February 14, 1951. The cattle company was incorporated February 9, 1952. In December 1952 an obligation of the timber company under its agreement with respondents in the sum of approximately $25,000 was paid by the cattle company. In March 1956 the charter of the timber company, both in Washington, the state of its domicil, and in Nevada, was revoked by official state action. Prior to that date all the assets of the timber company had been transferred to the cattle company. The value of the assets so transferred amounted to several million dollars, and the transfer was for tax reasons. All stock in each corporation was owned by Frank McCleary and Catherine McCleary. As to each stockholder the number of shares held in the cattle company was the same as the number held in the timber company. Frank McCleary

was president of both corporations. Costs of the litigation with the timber company were borne by the cattle company.

There can be no question but that, under these circumstances, the trial court was justified in disregarding the corporate fiction and in holding the cattle company to be the alter ego of the timber company. Minifie v. Rowley, 187 Cal. 481, 202 P. 673, sets forth the requirements for application of the alter ego doctrine. (1) The corporation must be influenced and governed by the person asserted to be its alter ego. (2) There must be such unity of interest and ownership that one is inseparable from the other; and (3) The facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice. "It is not necessary that the plaintiff prove actual fraud. It is enough if the recognition of the two entities as separate would result in an injustice." Gordon v. Aztec Brewing Company, 33 Cal.2d 514, 522; 203 P.2d 522, 527. To the same effect are Wilson v. Stearns, 123 Cal. App.2d 472, 267 P.2d 59; Taylor v. Newton, 117 Cal. App.2d 752, 257 P.2d 68; Grant v. U. S. Electronics Corp., 125 Cal.App.2d 193, 270 P.2d 64.

Under these circumstances it is not necessary that a separate action be brought against the cattle company. Respondents are not seeking to reach assets in the hands of a third party. Respondents are not seeking to substitute or add a new party to the old action. For the purposes of execution the timber company and the cattle company are to be regarded as identical. Mirabito v. San Francisco Dairy Co., 8 Cal.App.2d 54, 47 P.2d 530, is squarely in point upon this proposition. This was an action brought against the San Francisco Dairy Company. The corporation was then in existence but was nonoperative, having transferred substantially all of its assets to the Dairy Dale Company. The latter transferred the assets to the Dairy Delivery Company for consideration. It was held that the San Francisco Dairy

Company was the alter ego of the Dairy Delivery Company. The court stated, p. 532, "The basis of the rule is, of course, that the court having acquired jurisdiction of the person of the defendant and of the subject of the action, it necessarily possessed the power to correct a misnomer.* * * Where * * *, as here, * * * the evidence is sufficient to warrant the conclusion that in effect the two corporations are identical; where, as here, the action was fully and fairly tried with at least the direct financial assistance of appellant; and where, as here, nothing appears in the record to show that Dairy Delivery Company could have produced a scintilla of evidence that would have, in any way, affected the results of the trial, there is no basis for a different rule. The trial court having acquired jurisdiction of the San Francisco Dairy Company must, likewise, be held to have acquired jurisdiction of its alter ego, the appellant herein." To the same effect: Leviston v. Swan, 33 Cal. 480.

In the case before us the court below did not direct that the judgment in favor of respondents be corrected to run against the cattle company. This, we feel, should be done if the judgment is properly to support the execution.

The trial court is affirmed. This matter is remanded with instructions that an order be entered by the court below correcting the written judgment in action number 5003 in the Sixth Judicial District Court of the State of Nevada in and for the county of Humboldt, to show that judgment is rendered against the Frank McCleary Cattle Company, a Nevada corporation. Costs to respondents.

BADT, C. J., and EATHER, J., concur.