FORREST A. DUKE, Appellant, v. DICKSIE L. DUKE, Respondent.

No. 13685

April 28, 1982            643 P.2d 1205

*Greenman, Goldberg & Raby,* Las Vegas, for Appellant.

*Rogers, Monsey, Woodbury, Brown & Berggreen,* and *Bruce M. Judd,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The issue presented by this appeal is whether McCarty v.

McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), should be given retroactive effect so as to disrupt a final, unappealed divorce decree.

The relevant facts are undisputed. On July 18, 1980, the district court entered a decree of divorce which awarded 35 percent of appellant Forrest Duke's military retirement pay to respondent Dicksie Duke as community property.[1] The court ordered Forrest to execute a permanent allotment with the United States Air Force, specifying that Dicksie's 35 percent share be sent directly to her. Forrest failed to execute a permanent allotment as ordered.

On June 5, 1981, Dicksie filed a "motion for judgment of arrearages," seeking to recover her share of Forrest's military retirement benefits which he had failed to pay her. Forrest opposed Dicksie's motion and filed a counter-motion to modify the divorce decree contending, *inter alia,* that, in view of *McCarty,* the district court lacked power to enforce the portion of the decree which awarded Dicksie a share of his retirement pay. The district court denied Forrest's motion to modify, and Forrest has appealed.

In *McCarty,* the United States Supreme Court held that military retirement benefits are not divisible as community property in state court divorce decrees. Nothing in *McCarty,* however, suggests that the Supreme Court intended its decision to apply retroactively to invalidate, or otherwise render unenforceable, prior valid and unappealed state court decrees. A clear majority of courts have held that *McCarty* does not alter the res judicata consequences of a divorce decree which was final before *McCarty* was filed. *E.g.,* Erspan v. Badgett, 659 F.2d 26 (5th Cir. 1981); In re Marriage of Fellers, 178 Cal.Rptr. 35 (Ct.App. 1981); In re Marriage of Sheldon, 177 Cal.Rptr. 380 (Ct.App. 1981). We are persuaded by the rationale of these cases. Accordingly, we hold that the district court did not err by denying Forrest's motion to modify.

Other contentions have been considered and found to be without merit.

Affirmed.

---

[1] Forrest did not appeal from the divorce decree.