[Civ. No. 6739. Fifth Dist. Apr. 5, 1983.]

In re the Marriage of HELGA M. and WILLIAM E. CAMP.
HELGA M. CAMP, Respondent, v.
WILLIAM E. CAMP, Appellant.

---

COUNSEL

Sepulveda, Gilmore & Hancock, Susan Friesen Cameron and Victor Sepulveda for Appellant.

Michael J. Kanz and Scott W. Williams for Respondent.

---

OPINION

**ANDREEN, J.**—The parties to this action separated after 18 years of marriage. In her petition to have the marriage dissolved, wife declared that husband's military pension was community property. Husband's response was silent on the subject.

In an interlocutory judgment entered November 16, 1977, the court dissolved the marriage and reserved jurisdiction regarding property matters. A final judgment followed.

In May 1979, the court made its "Further Judgment Upon Reserved Issues After Entry of Interlocutory Judgment of Dissolution of Marriage." It provided for child custody, child and spousal support and division of community property. A portion of husband's military pension was awarded wife.

There was no appeal.

In June 1981, *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728] was handed down.

In July 1981, husband noticed a motion to "strike" that portion of the judgment awarding wife a portion of his military pension. The motion was denied by the court which wrote a scholarly opinion in support of its order. Husband appeals.

Although the matter was open to argument at the time the trial court entered its order, it no longer is. Subsequent appellate court opinions establish that *McCarty* is not retroactive. (*In re Marriage of McGhee* (1982) 131 Cal.App.3d 408, 411 [182 Cal.Rptr. 456]; *In re Marriage of Fellers* (1981) 125 Cal.App.3d 254, 256-258 [178 Cal.Rptr. 35]; *In re Marriage of Sheldon* (1981) 124 Cal.App.3d 371, 377-384 [177 Cal.Rptr. 380]; *In re Marriage of Mahone* (1981) 123 Cal.App.3d 17, 21-22 [176 Cal.Rptr. 274].) Although there were stipulations of a community interest in the retirement benefits in *McGhee, Sheldon* and *Mahone,* they merely stipulated to existing law (*In re Marriage of Fithian* (1974) 10 Cal.3d 592, 604 [111 Cal.Rptr. 369, 517 P.2d 449]), and no such stipulation is mentioned in *Fellers.*

Husband cites *Ridgway* v. *Ridgway* (1981) 454 U.S. 46 [70 L.Ed.2d 39, 102 S.Ct. 49] as indicative of a Supreme Court inclination toward retroactivity. *Ridgway* determined the right to proceeds of a policy of insurance issued to Army Sergeant Ridgway under the Servicemen's Group Life Insurance Act of 1965. A (presumably final) state court decree ordered the sergeant to keep in force the subject life insurance policy for the benefit of his minor children. Pursuant to the act and contrary to the decree, he changed the beneficiary to a form which gave the right of the proceeds to his new wife. In a subsequent action, the state court directed the widow to hold the proceeds as constructive trustee in favor of the children. The Supreme Court reversed.

As in *McCarty,* the *Ridgway* court refrained from addressing the retroactivity of its preemption ruling. Insofar as the Ridgways were concerned, the state decree existed before this case was decided, so the case was retroactive.

The Supreme Court reviewed the question of prospective versus retroactive applications of judicial decisions in *Chevron Oil Co.* v. *Huson* (1971) 404 U.S. 97 [30 L.Ed.2d 296, 92 S.Ct. 349]. ■ The court identified three factors to be considered: (1) whether "the decision to be applied nonretroactively . . . establish[es] a new principle of law, either by overruling clear past precedent on which litigants may have relied, [citation] or by deciding an issue of first impression whose resolution was not clearly foreshadowed, [citation]"; (2) whether the " 'history . . . purpose and effect' " of the rule mandates retrospective operation; and (3) whether retroactive application of the rule " 'could produce substantial inequitable results . . . , "injustice or hardship" . . . .' [Citation.]" (At pp. 106-107 [30 L.Ed.2d at p. 306].)

These standards were applied to *McCarty* in a learned discussion in *Sheldon*. In reference to the first criteria, *McCarty* was seen as presenting an issue of first impression. As noted in *Sheldon,* and by the trial judge in this case, *McCarty* was not presaged by *Hisquierdo* v. *Hisquierdo* (1979) 439 U.S. 572 [59 L.Ed.2d 1, 99 S.Ct. 802] since the statutory scheme of the Railroad Retirement Act of 1974 was so different from military retirement.

In reference to the second factor, *Sheldon* notes that as to the dual congressional purposes of providing for retired service members and for the personnel needs of the military, the second need is met by prospective application.

Examination of the third factor is most persuasive for nonretroactivity. The potential for injustice and hardship is so great that it dictates nonretroactivity. *Sheldon,* at pages 379 and 380 discusses this very well. We add to that by quoting a portion of the trial court's opinion: "[T]he economic disruption to thousands of litigants cannot be overestimated should full retroactivity be applied. Even the *McCarty* decision acknowledges that 'the plight of an ex-spouse of a retired service member is often a serious one.' (101 S.Ct. at 2742.) The Court suggests alleviation of that plight by receipt of social security benefits or garnishment of military pay for spousal support. These 'alleviations' may apply (in some cases) *in futuro,* but hardly are applicable in retrospect. As to spousal support, one need but consider the plight of Mrs. Maunder when the Court refused to increase her spousal support previously reserved, solely because her husband declined to deliver her share of his military retirement. *In re Marriage of Maunder* (1976) 57 Cal.App.3d 570, 573, 127 Cal.Rptr. 707. See also *Verner* v. *Verner* (1978) 77 Cal.App.3d 718. In addition, spousal support may not be ordered if it was not provided for in the Interlocutory Judgment *Bain* v. *Superior Court* (1974) 36 Cal.App.3d 804, 809-810.

"The suggestion that alleviation in retrospect may come by way of Social Security benefits (assuming quite logically that the non-military spouse was counting on military retirement benefits and was eligible to receive Social Security payments) cannot stand the test of simple arithmetic. Should there be a glimmer of hope of 'alleviation' through allocation of Social Security benefits (OASDI) between spouses, such optimism must be banished. Social Security benefits are a subject of Federal preemption and are not divisible upon divorce, *In Re Marriage of Nizenkoff* (1976) 65 Cal.App.3d 136, 141, 135 Cal.Rptr. 189; *In Re Marriage of Kelley* (1976) 64 Cal.App.3d 82, 96[,] 134 Cal.Rptr. 259.

"Consider for example, in the context of equitable considerations and full retroactivity, the plight of those non-military spouses who agreed to waive spousal support in justifiable reliance on receiving a substantial portion of their spouse's military retired pay. Imagine, in the same context, the consternation of

the non-military spouse who, after careful tax and estate planning, divided the property equally, or unequally, with military retired pay comprising one of the largest community assets."

 We conclude that *McCarty* is not retroactive.[1] The judgment is affirmed.

Franson, Acting P. J., and Woolpert, J., concurred.

---

[1] We note that the panel in *In re Marriage of Buikema* (1983) 139 Cal.App.3d 689 [188 Cal.Rptr. 856], filed February 2, 1983, arrived at the same result via another route.