PHYLLIS BURTON, Appellant, v. JIMMIE H. BURTON, Respondent.

No. 14836

September 27, 1983 669 P.2d 703

*Robert C. LePome,* Las Vegas, for Appellant.

*Joan D. Buckley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal is taken from a district court order that denied appellant's motion to modify a decree of divorce. Appellant has now filed a motion to remand the matter to the district court on the ground that motions to modify were expressly authorized by the Nevada Legislature after the district court denied appellant's motion below. The motion to remand is unopposed.

Appellant was divorced from respondent on June 18, 1982. The decree contained a property division that, *inter alia,* "confirmed" respondent's military retirement benefits to be "his sole and separate property." Such a property allocation was proper under McCarty v. McCarty, 453 U.S. 210 (1981) (state courts precluded from dividing federal military retirement benefits pursuant to state community property laws).

Subsequent to the parties' divorce, Congress effectively reversed the policy established in *McCarty* by enacting the Uniformed Services Spousal Protection Act, 10 U.S.C. § 1408 (1982), under which state courts are permitted to divide benefits such as those at issue here in accordance with state law.

Shortly after the federal statute became effective, appellant filed a motion to modify the divorce decree. The motion was denied on March 10, 1983, and appellant filed a notice of appeal on March 28, 1983.

The Nevada Legislature enacted a law, effective May 15, 1983, that allows former military spouses who obtained divorces between June 26, 1981, and January 31, 1983, to "request a modification in the district court of the adjudication of property rights in the decree of divorce to determine the spouse's rights to support or to a military pension." 1983 Nev.

Stats. ch. 301, § 1, at 740. Appellant filed the motion to remand, based upon the new law, on June 6, 1983.

Before turning to the merits of the motion to remand, we are obliged to address the question of whether this court has jurisdiction to entertain an appeal from an order denying a motion to modify a divorce decree.

NRAP 3A(b) designates the judgments and orders from which appeals may be taken in civil cases, and where no authority to appeal is granted, no right exists. Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975); Alper v. Posin, 77 Nev. 328, 363 P.2d 502 (1961). NRAP 3A(b) provides, in part, that an appeal may be taken "from any special order made after final judgment, except an order . . . pursuant to NRCP 60(b)(1)."

This court has previously held that not all post-judgment orders are appealable. Rather a post-judgment order "must affect the rights of the parties growing out of final judgment" in order to be appealable as a "special order made after final judgment." See Wilkinson v. Wilkinson, 73 Nev. 143, 311 P.2d 735 (1957); Tardy Et Al. v. Tarbell Et Al., 54 Nev 342, 16 P.2d 656 (1932). In other words, the later order would be appealable if such rights were found to be "affected." Under this analysis it is arguable that because an order refusing to modify a judgment does not change any rights arising out of the judgment, such an order is not appealable.

A different analysis, however, should be required in the context of an order denying a motion to amend a divorce decree, where the motion is based upon changed factual or legal circumstances and the moving party is not attacking the original judgment. Such a motion is generally based upon some change in fact or law which occurred after the judgment was granted, and in light of which the moving party claims that the judgment is no longer just. In this context, the denial of a motion for modification serves as the only adjudication of the facts and law at issue in the motion and should be appealable as a special order made after final judgment. See Brooks v. Abbott, 59 Cal.Rptr. 911 (Ct.App. 1967) (court's refusal to modify payment terms of property settlement agreement is "special order after judgment"). See also Raff v. Raff, 39 Cal.Rptr. 366 (Cal. 1964) (order denying motion to remove a receiver appealable because court not called upon merely to repeat or overrule its prior decisions); Carrow v. Carrow, 294 S.W.2d 595

(Mo.Ct.App. 1956) (order overruling motion to quash execution is "special order after judgment" where divorce action completed and motion proceedings independent).

The analysis above is in keeping with this court's practice of reviewing the merits of orders denying motions to modify divorce decrees. *See, e.g.,* Walport v. Walport, 98 Nev. 301, 646 P.2d 1215 (1982); Duke v. Duke, 98 Nev. 148, 643 P.2d 1205 (1982); Waldman v. Waldman, 97 Nev. 546, 635 P.2d 289 (1981); Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951). *Cf.* Elsman v. Elsman, 54 Nev. 20, 2 P.2d 139 (1931) (order denying motions to modify custody award held appealable).

 ██

Appellant's argument to the district court was that subsequent to the divorce decree in this case Congress essentially gave former military spouses such as appellant a new substantive right to seek retroactive division of military retirement benefits. This is the assertion of a changed circumstance of law, occurring after judgment, such that the order denying the motion to modify was a "special order made after final judgment" within the meaning of NRAP 3A(b), as discussed above. Therefore, the order was appealable.

 ██

Turning to the merits of the unopposed motion to remand, we note that the district court did not reveal the reason for its refusal to modify the decree. An examination of the pleadings before the district court on the motion to modify, however, reveals that the district court most likely concluded that it lacked jurisdiction to modify the decree. Since the Nevada Legislature has now expressly granted such jurisdiction, the conservation of judicial resources can best be served by allowing appellant to seek relief in the district court under the new state law.

Accordingly, the motion to remand is granted. This appeal is remanded to the district court for consideration of appellant's motion to modify in light of the statutory changes in federal and state law noted above.[1]

---

[1]This opinion shall constitute our final disposition of this appeal. Any challenge to the district court's ruling upon reconsideration of appellant's motion to modify should be raised in a new appeal, if appropriate.