An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALFRED D. ASTI,
Appellant,
vs.
JEAN ASTI,
Respondent.

No. 58123

**FILED**

APR 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is a proper person appeal from a post-divorce decree district court order directing payment under the decree, holding appellant in contempt, and awarding attorney fees. First Judicial District Court, Carson City; James E. Wilson, Judge.

The parties were divorced in 2005. The divorce decree incorporated a marital settlement agreement, under which appellant agreed to pay respondent $20,000 as a property settlement buyout. Of that amount, appellant agreed to pay $2,500 upon signing and an additional $17,500 to be paid in $500 monthly payments over a period of 35 months. In July 2010, respondent filed the underlying motion seeking to hold appellant in contempt for not paying the full amount and asserting that $14,900 remained due. In opposition, appellant claimed that the parties had agreed that the $500 monthly payments were conditioned upon appellant being employed, that the amount appellant owed would be satisfied by appellant's purchase of a car for respondent, and that he had paid more than the $5,100 claimed by respondent.

After an evidentiary hearing, the district court entered an order finding that the divorce decree required appellant to pay $20,000, that he still owed $14,900, and that his nonpayment violated the decree.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10842

The district court held appellant in contempt and imposed a ten-day suspended jail sentence, ordered appellant to pay $300 per month until he satisfied the amount owed, and directed appellant to pay $2,286 in attorney fees. This appeal followed.

Having reviewed the record and appellant's civil proper person appeal statement, we conclude that the order challenged in this matter is not appealable. This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984). NRAP 3A(b)(8) allows an appeal to be taken from a special order entered after a final judgment. To be appealable as a special order after final judgment, the order must affect the rights of some party to the action growing out of the judgment. Gumm v. Mainor, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). Further, in the context of post-divorce proceedings, an order denying a motion to amend a divorce decree is appealable as a special order after final judgment, if "the motion is based upon changed factual or legal circumstances and the moving party is not attacking the original judgment." Burton v. Burton, 99 Nev. 698, 700, 669 P.2d 703, 705 (1983).

Here, the district court's order merely enforced appellant's obligation under the divorce decree. Neither respondent's motion to enforce the divorce decree nor appellant's arguments in response to the motion were based on changed factual or legal circumstances. Rather, in opposing respondent's motion, appellant was simply attacking the original divorce decree. Therefore, we conclude that the district court's order is not appealable as a special order after final judgment under NRAP 3A(b)(8). Moreover, the portions of the district court's order imposing contempt and awarding attorney fees are also not appealable, and to the extent

appellant seeks to challenge them, he may do so through a petition for extraordinary relief. <u>See</u> <u>Pengilly v. Rancho Santa Fe Homeowners</u>, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (recognizing that a contempt order is not appealable). Having concluded that we lack jurisdiction, we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. James E. Wilson, District Judge
     Alfred D. Asti
     Jennifer S. Anderson
     Carson City Clerk