An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LISA MARIE CHAMLEE,
Appellant,
vs.
CAMERON LEE MORRISSEY,
Respondent.

No. 60677

FILED

AUG 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court order concerning motions to modify custody and to stay reunification. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

When our preliminary review of the docketing statement and the documents submitted to this court pursuant to NRAP 3(g) revealed a potential jurisdictional defect, we directed appellant to show cause why this court has jurisdiction to consider this appeal. In particular, we explained that this court generally has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). Here, it appeared that the order designated in the notice of appeal was not substantively appealable, as the district court declined to rule on appellant's motions to modify custody and/or for NRCP 60(b) relief or appellant's motion to stay reunification on the basis that it was divested of

SUPREME COURT
OF
NEVADA

(O) 1947A

jurisdiction when appellant filed an appeal in Docket No. 59872.[1] *See* NRAP 3A(b); *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002); *Burton v. Burton*, 99 Nev. 698, 669 P.2d 703 (1983). Appellant has timely responded to our show cause order, and respondent has filed a reply.

In her response, appellant contends that she is not appealing from the district court's refusal to rule on her motion for stay, but rather, she is challenging the district court's refusal to enter an order denying or certifying its intent to modify the divorce decree or set aside portions of the decree as to reunification and visitation of the children with respondent. *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978). Appellant contends that the district court's refusal to rule on her motion to modify the decree or set aside portions of the divorce decree was essentially the denial of her motions, which she insists is an appealable decision.

Based on the documents before this court, we conclude that we lack jurisdiction to consider this appeal. The order that appellant seeks to challenge on appeal is not substantively appealable because no statute or court rule authorizes an appeal from an order refusing to rule on a motion to modify custody, for a stay, or for a *Huneycutt* remand. *Taylor Constr. Co.*, 100 Nev. 207, 678 P.2d 1152, and we decline to construe the district court's order as an effective denial, as appellant suggests. Moreover, even if the district court denied the relief sought, such an order is not substantively appealable because it does not affect the rights of either

_____

[1]Docket No. 59872 was dismissed for lack of jurisdiction on October 8, 2012.

party stemming from the divorce decree. *Gumm*, 118 Nev. 912, 59 P.3d 1220; *Burton*, 99 Nev. 698, 669 P.2d 703. As we lack jurisdiction to consider this appeal, we

ORDER this appeal DISMISSED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Charles J. Hoskin, District Judge, Family Court Division
       Stovall & Associates
       Hanratty Law Group
       Eighth District Court Clerk

