An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL POULOS,
Appellant,
vs.
MARTHA JOAN TICHENOR,
Respondent.

No. 64730

**FILED**

JUN 2 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a proper person appeal from a district court order reducing to judgment amounts owed by appellant for spousal support and attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

Under the parties' April 9, 2013, divorce decree, appellant was ordered to pay respondent $1,400 per month in spousal support. When appellant failed to make the spousal support payments, respondent filed a motion to hold appellant in contempt and for an award of attorney fees. The district court reduced the spousal support amount owed to judgment and awarded respondent $2,500 in attorney fees. Thereafter, appellant again failed to make spousal support payments or to pay the attorney fees. On December 13, 2013, the district court entered an order reducing again the spousal support arrears to judgment and reducing the $2,500 in attorney fees to judgment. Appellant filed this appeal, designating the December 13, 2013, order in his notice of appeal. *See* NRAP 3(c)(1)(B) (providing that the notice of appeal shall designate the judgment or order being appealed).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-20894

Our review of this appeal reveals a jurisdictional defect. This court only has appellate jurisdiction when an appeal is authorized by statute or court rule. *See* NRAP 3A(b); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). NRAP 3A(b)(8) allows an appeal to be taken from a special order entered after a final judgment. To be appealable as a special order after final judgment, the order must affect the rights of some party to the action growing out of the judgment. *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). Further, in the context of post-divorce proceedings, an order denying a motion to amend a divorce decree is appealable as a special order after final judgment, if "the motion is based upon changed factual or legal circumstances and the moving party is not attacking the original judgment." *Burton v. Burton*, 99 Nev. 698, 700, 669 P.2d 703, 705 (1983).

Here, the district court's December 13, 2013, order merely enforced appellant's obligation for spousal support under the divorce decree and appellant's obligation for attorney fees awarded to respondent under a prior order. Appellant's challenge is simply an attack of the original divorce decree and prior attorney fees order. Therefore, we conclude that the district court's order is not appealable as a special order after final judgment under NRAP 3A(b)(8). Moreover, to the extent that the district court's order reducing amounts to judgment was entered in conjunction with respondent's request to hold appellant in contempt, the order is also not appealable on that basis. *See Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000)

(recognizing that a contempt order is not appealable). Accordingly, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:     Hon. Bill Henderson, District Judge, Family Court Division
        Daniel Poulos
        Martha Joan Tichenor
        Eighth District Court Clerk

---

[1]In light of this order, we deny as moot respondent's motion to dismiss and notice of objection. We further deny as moot appellant's motion for an extension of time, and we direct the clerk of this court to return, unfiled, appellant's civil proper person appeal statement provisionally received on May 6, 2014, and respondent's proper person response received on June 9, 2014.