An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TIPPAWAN MARTIN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JENNIFER ELLIOTT, DISTRICT
JUDGE,
Respondents,
and
TIMOTHY L. MARTIN,
Real Party in Interest.

No. 67036

FILED

JAN 15 2015



### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to set aside the divorce decree and to modify child custody.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01700

Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is typically not available when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

Having considered the petition and the appendix, we conclude that petitioner has an adequate legal remedy in the form of an appeal from any adverse judgment. *See Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief); *see also* NRAP 3A(b)(8) (allowing an appeal from a special order entered after a final judgment); *Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1379 (1987) (allowing an appeal from an order denying an NRCP 60(b) motion); *Burton v. Burton*, 99 Nev. 698, 700-01, 669 P.2d 703, 705 (1983) (providing that an order denying a motion to amend a divorce decree is appealable if the motion is based on changed factual or legal circumstances). Accordingly, as petitioner has a speedy and adequate remedy available in the form of an appeal, we deny the petition. *See* NRAP 21(b)(1); *Pan*, 120 Nev. at 224-25, 88 P.3d at 841; *Smith*, 107 Nev. at 677, 818 P.2d at 851-52.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Jennifer Elliott, District Judge, Family Court Division
Hardeep Sull
Kainen Law Group
Eighth District Court Clerk