An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA T. COWART,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VINCENT OCHOA, DISTRICT JUDGE,
Respondents,
and
STEPHANIE ROBINSON,
Real Party in Interest.

No. 68954

FILED

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an emergency writ petition requesting a stay of a district court order that directs reunification between the minor child and his half-brother pending an evidentiary hearing on custody modification.

Having considered the petition and the appendix, we conclude that petitioner has not demonstrated that our intervention by extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Petitioner challenges an order allowing reunification between his child and the child's half-brother that was effective as of May 27, 2015. Presumably, the children have been living together under the current visitation schedule since that

15-31391

time. Although it appears that petitioner delayed in filing this petition and there is an upcoming hearing on the matter, we note that a written order memorializing the May 27, 2015, ruling was not entered until August 24, 2015. Currently, however, the district court is scheduled to address petitioner's motion to modify custody and assess whether the custody arrangement is in the child's best interest at the evidentiary hearing on November 6, 2015, which is less than one month away.

The record indicates that the district court's orders for reunification were based on the reunification efforts over the past year and the recommendations from therapists of all minors involved that reunification occur. The district court has imposed conditions concerning supervision and appointed a guardian ad litem for the child. We trust that the guardian ad litem will participate in the proceedings below to ensure that the child's best interest is protected. Once the district court has the opportunity to fully address the custody issue and resolve petitioner's motion, petitioner may appeal if aggrieved. *See Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief); *see also* NRAP 3A(b)(7) (allowing an appeal from an order finally altering child custody); *Burton v. Burton*, 99 Nev. 698, 700-01, 669 P.2d 703, 705 (1983) (providing that an order denying a motion to amend a divorce decree is appealable if the motion is based on changed factual or legal circumstances). If, in the meantime, petitioner believes that real party in interest is noncompliant with conditions imposed by the district court relating to supervision, those matters involve factual issues that are more appropriately addressed to the district court.

Under these circumstances, we decline to intervene in this matter and we deny the petition. *See* NRAP 21(b)(1); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that a petition for extraordinary writ relief is purely discretionary with this court).

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Vincent Ochoa, District Judge
Rosenblum Law Offices
Kirk T. Kennedy
Fine Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A