# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER FALCONI,
　　　　　　　Appellant,
vs.
MONICA ANN FARRAR,
　　　　　　　Respondent.

No. 77848

FILED

FEB 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
　DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order denying appellant's "Motion for Designation of Entitlement to Property Held in the Custody of the Unclaimed Property Division and for Hearing to Examine State Collections and Disbursement Unit." Second Judicial District Court, Washoe County; Bridget E. Robb, Judge.

Review of the notice of appeal reveals a jurisdictional defect. Appellant filed the underlying post-judgment motion as part of an effort to execute upon a judgment for costs against respondent. No statute or court rule allows for an appeal from an order denying such a motion. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"); *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002) (recognizing that a post-judgment order must affect rights growing out of the final judgment to be appealable); *see also Davidson v. Davidson*, 132 Nev. 709, 713, 382 P.3d 880, 883 (2016). Appellant cites *McCleary Cattle Co. v. Sewell*, 73 Nev. 279, 317 P.2d 957 (1957), in his docketing statement for the proposition that an order allowing execution on assets after a judgment is appealable as a

19-08647

special order after final judgment. However, *McCleary* did not discuss jurisdiction and predates this court's decision in *Gumm v. Mainor*.[1]

As the order appealed from does not affect appellant's rights arising from the final judgment, it is not appealable as a special order after final judgment. And no other statute or court rule appears to authorize an appeal from the order. Accordingly, this court lacks jurisdiction, and

ORDERS this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Bridget E. Robb, District Judge
       Alexander Falconi
       Monica Ann Farrar
       Washoe District Court Clerk

---

[1]Appellant's motion was not based upon changed legal or factual circumstances. *Cf. Burton v. Burton*, 99 Nev. 698, 669 P.2d 703 (1983) (a post-judgment motion to modify a divorce decree based upon a change in legal or factual circumstances is appealable as a special order after final judgment).