**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD L. LEANY, | No. 18-17056 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:16-cv-01890-RFB-PAL |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 25, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

In 2008, Century Steel (Century) sold the majority of its assets for $150

million. From that $150 million, Century put aside $2.1 million to satisfy any

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

future debts the company might incur.  It spent and distributed the rest.  Five years later, Zurich American Insurance Company (Zurich) sought to collect a $300,000 debt from Century.  But by then, unforeseen litigation costs had exhausted the $2.1 million reserve, and Century was unable to pay.  Zurich now seeks to force Century into arbitration in accordance with an arbitration agreement between the two companies.  It wants to "pierce the corporate veil" and force Todd Leany—Century's president, sole board-member, and majority shareholder—into arbitration too.  The district court granted summary judgment to Leany.  We review this decision de novo.  *See Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam).  We affirm.

Under Nevada law, a party may "pierce the corporate veil" and force an individual to abide by a corporation's arbitration agreement only if the party can show: (1) the corporation is "influenced and governed by the [individual]," (2) there is "such unity of interest and ownership" that the corporation is inseparable from the individual, and (3) "adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice."  *Frank McCleary Cattle Co. v. Sewell*, 317 P.2d 957, 959 (Nev. 1957), *overruled on other grounds by Callie v. Bowling*, 160 P.3d 878 (Nev. 2007) (en banc); *see also* Nev. Rev. Stat. § 78.747(2) (codifying this test).  The party seeking to pierce the corporate veil

2

bears the burden to establish all three of the above factors by a preponderance of the evidence. *See Ecklund v. Nev. Wholesale Lumber Co.*, 562 P.2d 479, 480 (Nev. 1977).

Summary judgment for Leany was proper because Zurich has not shown that adhering to the corporate form would sanction fraud or promote injustice. Zurich has not established that Leany knew or should have known that Century's $2.1 million reserve was insufficient, nor has it presented any evidence demonstrating that the $2.1 million would not have been sufficient but for the unanticipated litigation against Century. And though Zurich correctly notes that adherence to the corporate form sanctions injustice when the financial setup of the corporation is a sham, a corporation's financial setup is not a sham if it was established for legitimate reasons. *See Paul Steelman, Ltd. v. Omni Realty Partners*, 885 P.2d 549, 550–51 (Nev. 1994) (per curiam) (refusing to pierce the corporate veil when a corporation was undercapitalized not "to defraud . . . creditors" but "to minimize losses"). Zurich has not presented evidence that Leany left Century with $2.1 million for any illegitimate reason, and so we cannot conclude that Century's financial setup was a sham. Moreover, when comparing this case with those in which the Nevada Supreme Court has pierced the corporate veil, it is apparent that Nevada law requires a showing of much more egregious conduct to find fraud or

3

injustice in adhering to the corporate form. *See*, *e.g.*, *Carson Meadows Inc. v. Pease*, 533 P.2d 458, 460–61 (Nev. 1975) (piercing the corporate veil after finding defendant "manipulated [corporate assets] to suit himself" and "used the corporate shell as a conduit for his individual enterprise"); *Caple v. Raynel Campers, Inc.*, 526 P.2d 334, 336 (Nev. 1974) (piercing the veil when corporation "had no apparent independent business operation and existed solely for the purpose of conducting the personal business of" defendant).

Unable to show that "adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice," Zurich cannot pierce the corporate veil. *Sewell*, 317 P.2d at 959. Accordingly, it cannot force Leany to abide by Century's arbitration agreement. For this reason, summary judgment for Leany was proper.

**AFFIRMED**.