# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIZABETH RAMSEY, AN INDIVIDUAL,

Appellant,

vs.

EUGENE TUMBARELLO, AN INDIVIDUAL; AND SHAMROCK PAINTING, INC.,

Respondents.

No. 82397

**FILED**

AUG 1 2 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER REINSTATING APPEAL AND DISMISSING APPEAL*

This is an appeal from a district court order denying claims of exemption from execution, declaring a homestead void, and compelling compliance of a judgment debtor, and from an order denying a motion for reconsideration  Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge; Eighth Judicial District Court, Clark County; Crystal Eller, Judge.

This court previously dismissed this appeal due to appellant's filing of a petition for bankruptcy relief. *See* 11 U.S.C. § 362(a)(1). The dismissal was without prejudice to appellant's right to move for reinstatement of this appeal upon either lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings. After appellant moved to reinstate this appeal, this court ordered appellant to file a supplement to the motion to reinstate discussing whether this appeal may be reinstated despite a discharge injunction. Alternatively, appellant was permitted to provide a copy of any bankruptcy court order allowing this appeal to proceed.

Appellant represents in her supplement that the bankruptcy court has entered an order permitting this appeal to proceed. Attached to

21-23550

the supplement is a copy of a bankruptcy court order granting appellant's motion to annul the automatic stay nunc pro tunc and allow the appeal to proceed. Respondents have not filed any reply to the supplement. Having considered appellant's supplement and the order of the bankruptcy court, it appears this appeal may proceed. Accordingly, this appeal is reinstated.

Prior to the bankruptcy dismissal, respondents moved to dismiss this appeal for lack of jurisdiction. As this court did not resolve that motion before dismissal of this appeal due to the bankruptcy stay, we do so now.

Respondents assert that the challenged orders are not substantively appealable. In opposition, appellant contends that the orders are appealable under NRAP 3A(b)(8) as special orders after final judgment because they were entered after the final judgment and affect the rights growing out of the final judgment. Respondents have replied.

"[N]ot all post-judgment orders are appealable." *Burton v. Burton*, 99 Nev. 698, 700, 669 P.2d 703, 705 (1983). An appealable special order after final judgment is an order that affects the rights of a party to the action growing out of the previously entered judgment. *Gumm v. Mainor*, 118 Nev. 912, 914, 59 P.3d 1220, 1221 (2002). Appellant does not support her assertion that the challenged orders affect the rights growing out of the final judgment with any argument. Appellant thus fails to demonstrate that the orders are special orders after final judgment. *See Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) ("[T]he burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction."). And no other statute or court rule appears to allow an appeal from the challenged orders. *See Brown v. MHC*

*Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"); *Alvis v. State*, 99 Nev. 184, 186, 660 P.2d 980, 981 (1983), *overruled on other grounds by AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 245 P.3d 1190 (2010) (concluding that an "order denying rehearing is not appealable as a special order made after final judgment"). Accordingly, this court grants the motion to dismiss and

ORDERS this appeal DISMISSED.[1]

_____, J.
Parraguirre

_____, J.      _____, J.
Stiglich                          Silver

cc:    Hon. Crystal Eller, District Judge
       Hon. Tierra Danielle Jones, District Judge
       Ara H. Shirinian, Settlement Judge
       Law Office of Christopher P. Burke
       Cory Reade Dows & Shafer
       Eighth District Court Clerk

_____

[1]Respondents also suggest, without argument, that the notice of appeal was untimely filed. Given this court's determination that the challenged orders are not substantively appealable, we do not reach this argument.