STAN GREENE, INDIVIDUALLY, RONNIE L. FORD, INDIVIDUALLY, AND KATHLEEN FORD, INDIVIDUALLY, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE GENE T. PORTER, DISTRICT JUDGE, RESPONDENTS, AND DWAINE ANDERSON, REAL PARTY IN INTEREST.

No. 32005

December 13, 1999

990 P.2d 184

*George R. Carter,* Las Vegas, for Petitioners.

*Netzorg & Caschette,* Las Vegas, for Real Party in Interest.

## OPINION

*Per Curiam:*

This is a petition for a writ of prohibition challenging an order of the district court permitting amendment of a complaint after

final judgment. On January 10, 1997, judgment was entered against defendant/petitioner Stan Greene and two others, and in favor of plaintiff/real party in interest Dwaine Anderson. Greene later filed for bankruptcy, but his petition was dismissed. On January 30, 1998, Anderson filed a motion pursuant to NRS 21.330 for leave to amend his complaint to set aside fraudulent conveyances and for an order forbidding any transfer or other disposition of assets. Anderson alleged that Greene had transferred assets to other entities with the assistance of petitioners Ronnie L. Ford and Kathleen Ford. Greene and the Fords opposed the motion. On March 2, 1998, the district court, after argument, granted the motion. An amended complaint naming all of the petitioners was filed the same day. On March 5, 1998, a written order granting the motion was filed.

On March 23, 1998, petitioners filed their petition for a writ of prohibition in this court, with an emergency motion for a stay. On the same day, we granted the motion for a stay and ordered an answer. On April 2, 1998, Anderson filed his answer.

This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. A petition for a writ of prohibition is addressed to the sound discretion of this court. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Further, such a writ may issue only when there is no plain, speedy, and adequate remedy at law. NRS 34.330.

Petitioners argue that the district court exceeded its jurisdiction in permitting Anderson to amend his complaint more than a year after final judgment. Federal court interpretations of Federal Rules of Civil Procedure, as counterparts to the Nevada Rules of Civil Procedure, are persuasive but not controlling authority. *See, e.g.,* Bowyer v. Taack, 107 Nev. 625, 817 P.2d 1176 (1991). Federal courts, construing the analogous federal rules, have held that a trial court cannot allow amendment of the complaint unless the final judgment is first set aside or vacated under Rule 59(e) or 60(b). *See, e.g.,* Paganis v. Blonstein, 3 F.3d 1067, 1072-73 (7th Cir. 1993) (once final judgment was entered, the district court lacked jurisdiction over motion to amend without a Rule 59(e) or Rule 60(b) motion); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1489 (2d ed. 1990) (hereinafter *Wright*); 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.12[2] (3d ed. 1998). ''This approach appears sound. To hold otherwise would enable the liberal amendment

policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Wright, supra,* at 694.

We also note that it has long been the law in Nevada that, in the garnishment or attachment context, the judgment creditor must file a separate action against a third party in possession of property of the judgment debtor, unless the possessor acquiesces to the judgment creditor's claim. *See* Persing v. Reno B. Co., 30 Nev. 342 (1908); Hagerman v. Tong Lee, 12 Nev. 331 (1877).[1]

Here, too much time has passed for Anderson to seek to set aside or vacate the judgment. *See* NRCP 59(e) (ten-day limit); NRCP 60(b) (within a reasonable time, not to exceed six months in certain instances, unless there was a fraud upon the court).[2] Petitioners therefore insist that the district court was without jurisdiction to grant the motion to amend, and that Anderson must initiate a new proceeding before he can plead new claims and/or add new parties.

Anderson urges that the district court has "inherent power" to protect its judgments by setting aside fraudulent conveyances by a judgment debtor, and that this inherent power also allows the district court to grant leave to amend a complaint and pursue fraudulent conveyance claims in a post-judgment supplementary

---

[1] In addition, the case before us is different from McCleary Cattle Co. v. Sewell, 73 Nev. 279, 317 P.2d 957 (1957). In *McCleary,* a corporation against which a judgment had been obtained had transferred its assets to a second corporation, an alter ego. The district court held that the second corporation was identical to the first, and that its assets were available to satisfy the judgment. Defendant appealed, arguing that the plaintiff had to bring a new action. This court held that a separate action against the second corporation was unnecessary, because "[r]espondents are not seeking to reach assets in the hands of a third party [or] to substitute or add a new party to the old action." *Id.* at 282, 317 P.2d at 959; *see also* Levinson v. District Court, 109 Nev. 747, 857 P.2d 18 (1993) (the district court contemplated permitting plaintiff to amend the complaint post-judgment to add certain individuals as alter egos of the judgment debtor business, pending discovery of further evidence that the individuals were alter egos; dissatisfied with that ruling, the plaintiff filed a new action instead). Here, however, Anderson seeks to reach assets in the hands of a third party, apparently, rather than an alter ego, and *McCleary* therefore would not apply.

[2] Anderson, having won a final judgment in his favor, may not have even had a basis to alter, amend, or set aside the judgment in this instance. The purposes of NRCP 59(e) and NRCP 60(b) are to attack a judgment or correct a mistaken judgment. *See* NRCP 60(b) (listing, for example, mistake, inadvertence, excusable neglect, and fraud, as grounds for relief from judgment); Chiara v. Belaustegui, 86 Nev. 856, 477 P.2d 857 (1970) (Rule 59(e) provides an opportunity to seek correction of an erroneous order or judgment).

proceeding. *See* Thomas, Head and Greisen Employees Trust v. Buster, 95 F.3d 1449, 1452-53 (9th Cir. 1996) (Alaska law). We conclude, however, that petitioners' arguments are more sound. Once a judgment is final, it should not be reopened except in conformity with the Nevada Rules of Civil Procedure. The approach Anderson advocates must necessarily encompass multiple final judgments within a single action, a concept inconsistent with the normal meaning of the term "final judgment," which is "[o]ne which puts an *end* to an action at law." *Black's Law Dictionary* 843 (6th ed. 1990). Undermining the finality of judgments would have serious repercussions for appellate jurisdiction. Our rules of appellate procedure rely on the existence of a final judgment as an unequivocal substantive basis for our jurisdiction, and measure important jurisdictional deadlines from the notice of entry of final judgment. *See* NRAP 3A(b)(1); NRAP 4(a). Permitting such amendments would create procedural and jurisdictional difficulties.

Judgment creditors such as Anderson are not without recourse, however, in their efforts to protect and recover on a judgment. Nevada law provides for proceedings supplementary to execution. *See* NRS 21.270 to 21.340. After the issuance or return of an execution against property of a judgment debtor, a judge may (under circumstances set forth in the statute) order a third party in possession of property of the judgment debtor to appear before the judge or a master to submit to examination regarding such property. *See* NRS 21.300. "Witnesses may be required to appear and testify before the judge or master . . . in the same manner as upon the trial of an issue." NRS 21.310. The judge may order any property of the judgment debtor to be applied toward satisfaction of the judgment, whether it is in the possession of the judgment debtor or a third party, as long as it is not exempt from execution. NRS 21.320. If, however, pursuant to the examination, the third party claims an adverse interest in the property, the court cannot order that the property be applied toward the judgment. *Hagerman,* 12 Nev. at 336. Instead, NRS 21.330 permits a judgment creditor to institute an action against the third parties with adverse claims to the property of a judgment debtor.[3] Under its

---

[3]NRS 21.330 provides in part:

If it appears that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may, by order, forbid a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment.

provisions, a judgment creditor can not only bring a new action to recover on the debt after the judgment debtor's assets have been transferred, but request the district court to forbid ''a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment.'' NRS 21.330. A judgment creditor can also conduct the ordinary methods of discovery in pursuit of a judgment claim. ''In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.'' NRCP 69.

We conclude that a district court lacks jurisdiction to allow amendment of a complaint, once final judgment is entered, unless that judgment is first set aside or vacated pursuant to the Nevada Rules of Civil Procedure. We therefore grant the petition, and direct the clerk of this court to issue a writ of prohibition directing the district court to refrain from acting on the amended complaint.[4]

---

[4]In light of this opinion, we vacate our order granting a stay entered on March 23, 1998.