SFPP, L.P.; KINDER MORGAN OPERATING L. P. "D"; AND KINDER MORGAN G.P., INC., Petitioners, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF WASHOE, and THE HONORABLE BRENT T. ADAMS, District Judge, Respondents, and THE CITY OF RENO, Real Party in Interest.

No. 47951

December 27, 2007

173 P.3d 715

*Lionel Sawyer & Collins* and *David N. Frederick, Dan C. Bowen*, and *Janet S. Bessemer*, Reno, for Petitioners.

*John J. Kadlic*, City Attorney, and *Tracy L. Chase*, Deputy City Attorney, Reno; *Peckar & Abramson* and *Mary A. Salamone*, Los Angeles, California, for Real Party in Interest.

Before the Court En Banc.[1]

---

[1]The Honorables James W. Hardesty and Ron Parraguirre, Justices, voluntarily recused themselves from participation in the decision of this matter.

# OPINION

By the Court, CHERRY, J.:

This matter arises from a dispute concerning an underground petroleum pipeline relocation project, the ReTRAC project. Although the parties ultimately settled the dispute and had the corresponding case dismissed, differences concerning the share of the project's costs persisted. In this petition, we consider whether the district court retains jurisdiction to conduct proceedings with regard to the parties' dispute over the project costs, after the parties had the case dismissed according to their settlement agreement, which purports to reserve the district court's jurisdiction to address certain project cost issues.

We conclude that once the district court dismissed this case with prejudice, it lost all jurisdiction concerning that judgment, except to alter, set aside, or vacate its judgment in conformity with the Nevada Rules of Civil Procedure. Otherwise the district court is without jurisdiction to conduct proceedings with respect to the parties' continuing dispute over the project's costs. The entering of the order for dismissal with prejudice effectively ended the jurisdiction of the district court.

## FACTS AND PROCEDURAL HISTORY

Petitioner Kinder Morgan operates a petroleum pipeline running through downtown Reno, Nevada. Efforts at relocating the pipeline resulted in litigation in 2002. In its complaint, real party in interest the City of Reno sought (1) declaratory relief in the form of a judgment obligating Kinder to relocate its pipeline at Kinder's expense and (2) injunctive relief requiring Kinder to relocate its pipeline at its own expense under the ReTRAC project.

The parties ultimately entered into a settlement agreement on May 13, 2003. Under the Agreement, Kinder was to relocate the pipeline by September of that year. The Agreement included a provision making time of the essence. The Agreement also contained a provision requiring Kinder to exert its best efforts to complete the project. In exchange, the City agreed to pay Kinder's expenses to relocate the pipeline, with the exception of $2.4 million. Specifically, the Agreement stated that the "City shall be solely responsible for all costs associated with the rearrangement in excess of [Kinder's $2.4 million] Cost Cap."[2] The Agreement further provided that "[t]he Second Judicial District of the State of Nevada, Department 6 ('Department 6'), shall retain exclusive jurisdiction and venue to enforce the provisions of this Agreement."

---

[2]The cost cap refers to the $2.4 million limit on Kinder's expenses.

Kinder relocated the subject pipeline within the scheduled timeline. As a result, the parties' claims against each other were dismissed with prejudice in June 2003.

Thereafter, the City insisted on an audit of the financial records as allowed in the Agreement. In November 2003, the City and Kinder agreed that the auditor would be Richard Barnes, C.P.A., of the firm Ueltzen & Co. In November 2004, Barnes completed his audit and found that Kinder had under-billed the City by $1,961.

The City unilaterally sought a second opinion and hired Paul Macy, a pipeline construction expert, to review Kinder's work. Kinder did not consent to Macy's review of the operation's costs. Nevertheless, Macy delivered his report in December 2004. According to Macy's report, the City was entitled to approximately $4.5 million from Kinder because Kinder allowed the construction costs to run too high. Consequently, the City brought a claim to the district court alleging that Kinder had mismanaged the construction.

Although the district court had already entered an order dismissing the City's action with prejudice, the City argued that, under the Agreement, any financial adjustment brought by an audit would initiate the Agreement's dispute resolution clause for any new claims and necessarily invoke the district court's jurisdiction. Kinder contended that the dispute resolution clause was not triggered because the case was dismissed and Barnes, the agreed-upon auditor, found an undercharge. Kinder further contended that Macy was not a mutually agreed-upon auditor as required under the Agreement. As a result, Kinder raised due process and jurisdictional objections following the City's attempt to use the Macy report as a basis for a new claim in the old litigation, without filing a new complaint against Kinder.

The district court ultimately determined that, its order dismissing the action notwithstanding, it retained jurisdiction with regard to the Agreement, including the parties' dispute over costs. Kinder subsequently filed a demand for a jury trial regarding the City's new claim for money damages. The district court struck the demand. This petition followed. After reviewing the petition, we directed the City to file an answer against issuance of the requested writ, which the City timely filed.

Kinder requests a writ of certiorari, mandamus, or prohibition to prevent the district court from proceeding with the City's project costs claim. A writ of certiorari "is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court."[3] Such writs may be issued

---

[3]*Zamarripa v. District Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987).

when no plain, speedy and adequate remedy exists in the ordinary course of law.[4] A writ of mandamus, on the other hand, is available "to compel the performance of an act that the law requires as a duty resulting from an 'office, trust or station'[5] or to control an arbitrary or capricious exercise of discretion."[6] Writs of prohibition are "the counterpart of the writ of mandate. [They] arrest[ ] the proceedings of any . . . board or person exercising judicial functions, when such proceedings are without or in excess of the[ir] jurisdiction . . . ."[7] Relief in the form of certiorari may be granted when an inferior tribunal has exceeded its jurisdiction.[8] This court has consistently held that writs are "an extraordinary remedy."[9]

## DISCUSSION

Having reviewed this petition, its supporting documentation and the answer, we conclude that the district court is prohibited from retaining jurisdiction over the dismissed case. Accordingly, we grant Kinder's request for a writ of prohibition.

The primary issue this petition raises is whether a district court retains jurisdiction over litigation that was dismissed with prejudice when the parties have contractually submitted to continuing jurisdiction. In the present case, on June 5, 2003, Kinder and the City submitted to the district court a stipulation and order of dismissal with prejudice of all their claims against each other. The Agreement provided that "[t]he Second Judicial District of the State of Nevada, Department 6 ('Department 6'), shall retain exclusive jurisdiction and venue to enforce the provisions of this Agreement." On November 24, 2003, a second stipulation and order was entered, disposing of all claims between Kinder and the only other remaining party. As such, no claims were pending against any party as of November 24, 2003.

Despite all claims being dismissed with prejudice, the City contends that the court retained jurisdiction over the City's new claim because Kinder, as part of the parties' settlement, agreed to the court's jurisdiction in spite of dismissal of the case with prejudice. Kinder, conversely, argues that once a final order or judgment was entered resolving the parties' claims, the district court lost jurisdiction to enter further orders concerning those claims without a timely NRCP 60 motion for relief from the judgment or order.

---

[4]NRS 34.020(2); NRS 34.170; NRS 34.330.

[5]NRS 34.160.

[6]*Cheung v. Dist. Ct.*, 121 Nev. 867, 868-69, 124 P.3d 550, 552 (2005).

[7]NRS 34.320.

[8]NRS 34.020(2); *see also Zamarripa*, 103 Nev. at 640, 747 P.2d at 1387.

[9]*Cheung*, 121 Nev. at 869, 124 P.3d at 552.

Recently, in *Greene v. District Court*,[10] we explained that once a district court enters a final judgment, that judgment cannot be reopened except under a timely motion sanctioned by the Nevada Rules of Civil Procedure, such as a motion to set aside the judgment under NRCP 60(b). As we explained in *Greene*, "[u]ndermining the finality of judgments would have serious repercussions for appellate jurisdiction" and would also create procedural difficulties.[11] Thus, once a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure.[12]

In the present case, the order filed by Kinder and the City on June 5, 2003, terminated the City's action against Kinder and Kinder's counterclaim against the City. The order of dismissal was the final judgment and concluded the action. We thus conclude that when the district court entered the order for dismissal, its jurisdiction, with respect to this order, ended even in the face of the parties' contracting agreement purporting to extend the district court's jurisdiction beyond this termination of the case. We further conclude that for the City's new causes of action to be heard, the City must file a new civil complaint. Accordingly, Kinder has demonstrated that extraordinary relief, in the form of prohibition, is warranted.

## CONCLUSION

Nevada district courts retain jurisdiction until a final judgment has been entered. In this case, the final judgment, a dismissal, was effectuated automatically upon the filing of the signed order. Consequently, in the present case, the district court lost jurisdiction over the judgment once the order for dismissal with prejudice was entered and lacked jurisdiction to conduct any further proceedings with respect to the matters resolved in the judgment unless it was first properly set aside or vacated. We therefore grant Kinder's petition for a writ of prohibition and direct the clerk of this court to issue a writ of prohibition precluding the district court from conducting any further proceedings in District Court Case No. CV02-05851.

GIBBONS, DOUGLAS and SAITTA, JJ., concur.

---

[10]115 Nev. 391, 394-95, 990 P.2d 184, 186 (1999).

[11]*Id.* at 395, 990 P.2d at 186.

[12]*Id.* at 396, 990 P.2d at 187.

M<small>AUPIN</small>, C. J., concurring:

I concur in the result reached by the majority. Although the district court and the parties developed an innovative and salutary settlement construct, dismissal of the action, subject only to timely proceedings under NRCP 60(b), divested the district court of its jurisdiction over the matter.