An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHEFRIE STAPLES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
and
LILIA MARTINEZ-JAIMES,
Real Party in Interest.

No. 64517

FILED

APR 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of prohibition challenges a district court order granting a motion to reopen a closed case.[1] As directed, real party in interest has filed an answer to the petition.

"This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court." *Greene v. Eighth Judicial Dist. Court*, 115 Nev. 391, 393, 990 P.2d 184, 185 (1999); NRS 34.320. Writ relief is an extraordinary remedy, and it is petitioner's burden to demonstrate that this court's intervention is

---

[1]Although petitioner seeks a writ of mandamus, he is asking that the district court be prevented from exceeding its jurisdiction. Accordingly, we elect to construe the petition for a writ of mandamus as a petition for a writ of prohibition. *Cf. City of Sparks v. Second Judicial Dist. Court*, 112 Nev. 952, 953 n.1, 920 P.2d 1014, 1015 n.1 (1996) (construing a petition for a writ of prohibition as one for mandamus when mandamus was the appropriate remedy).

14-11729

warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments, we conclude that our intervention is warranted. *Id.* Specifically, an order dismissing the underlying case was entered in July 2012. This order constituted a final judgment, as it effectively resolved all the parties' claims. *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). "[O]nce a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure." *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007). Thus, if real party in interest wanted to challenge the July 2012 dismissal order, such a challenge needed to be made in conformity with the Nevada Rules of Civil Procedure. Because her August 2013 "Motion to Re-Open Case" failed in this regard, the district court lacked jurisdiction to grant the motion. *Id.*; *see* NRCP 60(b) (providing generally that a party must file a motion for relief from judgment within six months from when written notice of entry of the order is served on that party).[2]

As any further proceedings before the district court in this matter would be in excess of the district court's jurisdiction, our intervention is warranted. *SFPP, L.P.*, 123 Nev. at 612, 173 P.3d at 718; *Greene*, 115 Nev. at 396, 990 P.2d at 187. Accordingly, we

---

[2]Real party in interest does not dispute that she received notice of entry of the July 2012 dismissal order. Nor does she dispute receiving notice of the other post-dismissal filings in this matter, including petitioner's October 2012 "Request For Trial De Novo." Real party in interest suggests that this filing demonstrates that both sides were under the mistaken belief that the case had not been dismissed. A review of this filing demonstrates that real party in interest's suggestion is meritless.

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION directing the district court to vacate its October 4, 2013, order and precluding the district court from conducting any further proceedings in District Court Case No. A631056.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Douglas Smith, District Judge
Law Offices of David M. Jones/Las Vegas
Gazda & Tadayon
Eighth District Court Clerk