# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A. F/K/A
LASALLE BANK, N.A.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GLORIA STURMAN, DISTRICT
JUDGE,
Respondents,
and
DOTAN MELECH; THE ESTATE OF
TOMOHARU HIRATA; THE ESTATE
OF JEAN HIRATA; LYLE K. HIRATA,
AN INDIVIDUAL; THE JEAN K.
HIRATA LIVING TRUST; GARY
MIKUNI, TRUSTEE; AND RONALD
BRADY, SR., AN INDIVIDUAL,
Real Parties in Interest.

No. 66074

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

This original petition for a writ of prohibition challenges a district court order granting a motion to reopen a closed case.

"This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court." *Greene v. Eighth Judicial Dist. Court*, 115 Nev. 391, 393, 990 P.2d 184, 185 (1999); NRS 34.320. Writ relief is an extraordinary remedy, and it is petitioner's burden to demonstrate that this court's intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

14-37627

Having considered the parties' arguments, we conclude that our intervention is warranted. *Id.* Specifically, an order granting real party in interest Dotan Melech's Motion to Discharge Receiver and Terminate Receivership was entered in March 2010. This order constituted a final judgment, as it effectively resolved all pending matters associated with the case. *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994). "[O]nce a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure." *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007). Thus, if Melech wanted to reopen the finally adjudicated case, such a request needed to be made in conformity with the Nevada Rules of Civil Procedure.[1] Because Melech's May 2014 Motion to Reopen Case failed in this regard, the district court lacked jurisdiction to grant the motion. *Id.*; *see* NRCP 60(b) (providing generally that a party must file a motion for relief from judgment within six months from when written notice of entry of the order is served on that party).

---

[1]Contrary to Melech's apparent argument, *Emerson v. Eighth Judicial District Court*, 127 Nev. ___, 263 P.3d 224 (2011), does not stand for the proposition that a district court indefinitely retains jurisdiction over any and all matters that might be characterized as "collateral." Rather, in *Emerson*, we addressed the discrete issue of whether a district court retained jurisdiction to grant a motion for sanctions that had been pending at the time the case was voluntarily dismissed. *Id.* at ___, 263 P.3d at 226-27. Here, even accepting Melech's argument that his ultimate purpose in reopening the case was to seek a ruling on a collateral matter, he did not take steps to seek such a ruling until over four years after the case had been finally adjudicated. Thus, Melech's reliance on *Emerson* is misplaced.

As any further proceedings before the district court in this matter would be in excess of the district court's jurisdiction, our intervention is warranted. *SFPP, L.P.*, 123 Nev. at 612, 173 P.3d at 718; *Greene*, 115 Nev. at 396, 990 P.2d at 187. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION directing the district court to vacate its July 10, 2014, order and precluding the district court from conducting any further proceedings in District Court Case No. A581037.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Gloria Sturman, District Judge
       Snell & Wilmer, LLP/Las Vegas
       Bailus Cook & Kelesis
       Meier & Fine, LLC
       Michael H. Schwarz
       Eighth District Court Clerk