**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF JULY 1, 2005 STRUCTURED ASSET SECURITIES CORPORATION STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE RONALD J. ISRAEL, DISTRICT JUDGE,
Respondents,

and

COLORFUL RAIN, LLC,
Real Party in Interest.

No. 64817

**FILED**

JAN 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF JULY 1, 2005 STRUCTURED ASSET SECURITIES CORPORATION STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7

vs.

COLORFUL RAIN, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 64822

15-01769

## ORDER GRANTING PETITION
## FOR WRIT OF PROHIBITION AND DISMISSING APPEAL

This is an original petition for a writ of prohibition, Docket No. 64817, and an appeal, Docket No. 64822, both challenging the same district court order denying a motion to set aside an order clarifying a default judgment in a quiet title action.

"This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court." *Greene v. Eighth Judicial Dist. Court*, 115 Nev. 391, 393, 990 P.2d 184, 185 (1999); NRS 34.320. Writ relief is an extraordinary remedy, and it is petitioner's burden to demonstrate that this court's intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments, we conclude that our intervention is warranted.[1] *Id.* Specifically, a final judgment was entered in the underlying action in September 2012, as that judgment resolved all of the underlying action's pending matters. *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994). "[O]nce a final judgment is entered, the district court lacks jurisdiction to reopen [a case], absent a proper and timely motion under the Nevada Rules of Civil Procedure." *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612,

---

[1]In particular, while we recognize Colorful Rain, LLC's arguments regarding the effect of the recorded lis pendens, we are not persuaded that this argument and the doctrine of harmless error warrant a different resolution of this writ petition.

 

173 P.3d 715, 717 (2007). Thus, if Colorful Rain, LLC wanted to reopen the finally adjudicated case, such a request needed to be made in conformity with the Nevada Rules of Civil Procedure. Because Colorful Rain's June 2013 motion for clarification of order failed in this regard, the district court lacked jurisdiction to grant the motion. *Id.*; *see* NRCP 59(e) (providing that a party must file a motion to alter or amend a judgment within ten days from when written notice of entry of the order is served on that party). Accordingly, our intervention is warranted. *SFPP, L.P.*, 123 Nev. at 612, 173 P.3d at 718; *Greene*, 115 Nev. at 396, 990 P.2d at 187. We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION directing the district court to vacate its July 30, 2013, order and precluding the district court from conducting any further proceedings in District Court Case No. A658387.[2]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[2]As the order being challenged is not an appealable order under statute or court rule, and in light of our resolution of this writ petition, Colorful Rain's unopposed motion to dismiss the appeal in Docket No. 64822 is granted.

cc: Hon. Ronald J. Israel, District Judge
Wright, Finlay & Zak, LLP/Las Vegas
Charles L. Geisendorf, Ltd.
Lewis Roca Rothgerber LLP/Las Vegas
Eighth District Court Clerk