**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL QUIROZ, Jr., | No.    13-15364 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:10-cv-00657-LRH-WGC |
| JEFFREY A. DICKERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 18, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, WALLACE, and CALLAHAN, Circuit Judges.

Manuel Quiroz, Jr. advanced the funds to finance an action brought on

behalf of his wife and others by attorney Jeffrey A. Dickerson.  The case settled

and Quiroz expected to be repaid out of the proceeds.  When Dickerson refused to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reimburse Quiroz from these funds, Quiroz sued.  This appeal is by Dickerson from the jury's award in favor of Quiroz, and from the district court's award of certain funds to Quiroz.  We affirm.

**1.**  Quiroz initially filed his action in the District Court for the Northern District of California, which, on Dickerson's motion to dismiss or transfer, transferred the case to the District Court for Nevada, where Dickerson practiced law.  On appeal, Dickerson argues that the case should have been dismissed rather than transferred.

The general rule is that a transfer may be made under 28 U.S.C. § 1404(a) "despite a lack of personal jurisdiction."  17 *Moore's Federal Practice*, § 111.14[2] (3d ed. 2017); *see Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 967 (9th Cir. 1993).  In challenging a transfer order on appeal, the appellant must show that the transfer was an abuse of discretion and may be required to show prejudice. 17 *Moore's Federal Practice*, § 111.63.  Dickerson has shown neither abuse nor prejudice in the transfer of the case to the District Court for Nevada.

**2.**  Dickerson maintains that Quiroz's claims are based on the settlement agreement and that the agreement cannot be interpreted as recognizing Quiroz as a third-party beneficiary.  Thus, he argues the jury was not properly instructed.

Dickerson's assertions are not persuasive. Quiroz's claims arise out of the retainer agreement pursuant to which Quiroz advanced the costs of litigation. In addition, the settlement agreement, which was drafted by Dickerson, provides for plaintiffs to be reimbursed for paid expenses of litigation. Although mixed questions of law are reviewed de novo, the factual findings underlying a district court's ruling are reviewed for clear error. *United States v. Wilkes*, 662 F.3d 524, 532 (9th Cir. 2011). Dickerson has not proffered an adequate basis for overturning the factual findings supporting the district court's legal conclusion that Quiroz was an intended third-party beneficiary.

Dickerson's arguments that Quiroz could not maintain claims for bad faith, breach of fiduciary duty, and negligence, are all based on his contention that, as a matter of law, he had no contractual relationship with Quiroz. Accordingly, because the district court reasonably determined that there was a contractual relationship, these arguments fail.

Finally, Dickerson failed to include in the record the transcript of the district court's ruling on the admission of parol evidence. Because the record is insufficient to permit our review, we do not address this argument. *See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989).

3

**3.** Dickerson challenges the jury question that read: "Do you find that plaintiff Quiroz has proven defalcation by defendant Dickerson by a preponderance of the evidence?" He argues that the question was irrelevant to the issues before the jury and designed to insulate the judgment from bankruptcy. The case relied on by Dickerson does not support his argument. *R. H. Baker & Co. v. Smith-Blair, Inc.* addressed whether an omitted question should have been asked, not whether an erroneous question should have been omitted. 331 F.2d 506, 508 (9th Cir. 1964). And even under Dickerson's reading, he has failed to explain why the defalcation finding is not essential to the judgment, particularly when the judgment explicitly referenced it. Dickerson has not shown that the district court erred in asking the question.

**4.** Dickerson argues that because another one of his clients allegedly instructed him not to pay Quiroz, the attorney-client privilege protects him from liability to Quiroz. The case cited by Dickerson, *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kieby, LLP*, 583 F.3d 1232 (9th Cir. 2009), does not support his argument. Dickerson has offered no persuasive authority for his novel contention.

**5.** Finally, Dickerson argues that the district court erred in issuing a writ of execution and awarding Quiroz 25% of Dickerson's non-exempt income. Federal Rule of Civil Procedure 69 provides that a money judgment may be enforced by a

writ of execution, or as the court otherwise directs, but the "procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." We have held that Rule 69 does not allow the enforcement of a money judgment by contempt or methods other than a writ of execution "except in cases where established principles so warrant." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) (quoting 7 *Moore's Federal Practice* ¶ 69.03[2] (2d ed. 1982)). Here, Nevada Revised Statute § 21.320 provides that a judge may order property of a judgment debtor applied to the satisfaction of a judgment. *See Greene v. Eighth Jud. Dist. Ct. of Nev.*, 990 P.2d 184 (Nev. 1999). The case cited by Dickerson, *Schneider v. Nat. R.R. Passenger Corp.*, 72 F.3d 17 (2d Cir. 1995), is inapposite, and Dickerson has not carried his burden of showing that the district court's orders are inconsistent with Rule 69.

The district court's orders are **AFFIRMED**.