138 Nev., Advance Opinion 35

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC, SERIES 34
INNISBROOK,
Appellant,
vs.
THORNBURG MORTGAGE
SECURITIES TRUST 2007-3; FRANK
TIMPA; MADELAINE TIMPA; TIMPA
TRUST; RED ROCK FINANCIAL
SERVICES, LLC; SPANISH TRAIL
MASTER ASSOCIATION; REPUBLIC
SERVICES; AND LAS VEGAS VALLEY
WATER DISTRICT,
Respondents.

No. 80111



FILED

MAY 26 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court final judgment in an action to quiet title and distribute interpleaded funds. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau, Las Vegas, for Appellant Saticoy Bay, LLC, Series 34 Innisbrook.

Kravitz Schnitzer Johnson Watson & Zeppenfeld, Chtd., and Gary E. Schnitzer, Las Vegas; Troutman Pepper LLP and Aaron D. Lancaster, Atlanta, Georgia,
for Respondent Thornburg Mortgage Securities Trust 2007-3.

Gregory J. Walch, Las Vegas,
for Respondent Las Vegas Valley Water District.

Koch & Scow LLC and David R. Koch and Steven B. Scow, Henderson,
for Respondent Red Rock Financial Services, LLC.

Leach Kern Gruchow Anderson Song and Sean L. Anderson and Ryan D. Hastings, Las Vegas,
for Respondent Spanish Trail Master Association.

Avalon Legal Group LLC and Bryan Naddafi and Elena Nutenko, Las Vegas; The Law Office of Travis Akin and Travis D. Akin, Las Vegas,
for Respondents Frank Timpa, Madelaine Timpa, and Timpa Trust.

Williams Starbuck and Drew J. Starbuck and Donald H. Williams, Las Vegas,
for Respondent Republic Services.

Hanks Law Group and Karen L. Hanks and Chantel M. Schimming, Las Vegas,
for Amicus Curiae SFR Investments Pool 1, LLC.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

The Great Recession of 2008 brought with it a wave of foreclosures. This case stems from a quiet title action involving one of those foreclosed properties located in a homeowner's association (HOA) community and sold by the HOA to a subsequent purchaser at a foreclosure sale. In the alternative to seeking quiet title, the subsequent purchaser asserted a misrepresentation claim against the HOA and its agent based upon their failure to disclose and publicly record that the servicer of the original loan for the property had tendered the superpriority portion of the HOA's lien prior to the sale.

After concluding that this court has jurisdiction over this appeal, we hold that the subsequent purchaser failed to sufficiently allege that the HOA or its agent misrepresented information regarding a tender. In addition, to the extent that the misrepresentation claim was premised on a failure to proactively record that a tender had been made, we hold that the claim failed as a matter of law because there was no statutory duty for an HOA to record a tender of the superpriority portion of the lien on the property before 2015, when the Legislature amended NRS 116.31164(2) to so provide. Next, we determine that the district court did not err by awarding the property's previous owner the excess proceeds from the sale and awarding the HOA agent the attorney fees and costs it incurred in connection with the sale. Finally, we conclude that the district court did not abuse its discretion by denying the subsequent purchaser's motion for reconsideration and its motion to amend its complaint. Therefore, we affirm the district court's judgment in full.

## BACKGROUND

In 2006, respondent Timpa Trust obtained a loan from Countrywide Home Loans, Inc., to purchase a property within an HOA, respondent Spanish Trail Master Association, for roughly $3.8 million. The loan was secured by a deed of trust on the property.[1] Mortgage Electronic Registration Systems, Inc., was the initial deed of trust beneficiary and assigned the deed of trust to respondent Thornburg Mortgage Securities Trust 2007-3 in 2010. Bank of America, N.A. (BANA) was the servicer of the loan. Timpa Trust stopped making payments on the loan in 2008. Around the same time, Timpa Trust also stopped paying the monthly

---

[1]Frank and Madelaine Timpa, both of whom are now deceased, conveyed the property to Timpa Trust shortly after purchasing it.

assessment to Spanish Trail. As a result, Spanish Trail—through its agent, respondent Red Rock Financial Services—recorded a notice of delinquent assessment lien against Timpa Trust's property and later a notice of default and election to sell. The notice asserted the sale would "be made without covenant or warranty, express or implied regarding . . . title or possession, encumbrance, obligations to satisfy any secured or unsecured liens." Before the foreclosure sale, BANA tendered the superpriority portion of Spanish Trail's lien, but Red Rock rejected the tender. Appellant Saticoy Bay, LLC, Series 34 Innisbrook, purchased the property at the foreclosure sale for roughly $1.2 million in November 2014.[2]

Saticoy Bay thereafter filed the underlying quiet title action against Thornburg and alternatively asserted a misrepresentation claim against Spanish Trail and Red Rock for failing to disclose BANA's superpriority tender. Thornburg in turn asserted claims against Saticoy Bay, Spanish Trail, Timpa Trust, and Red Rock, requesting a declaration that its deed of trust survived the foreclosure sale. Red Rock sought to interplead the funds from the foreclosure sale that exceeded the HOA lien on the property (excess proceeds). Saticoy Bay, Thornburg, and Spanish Trail each sought summary judgment, and the district court denied these competing motions by oral order.[3] Prior to the district court's entry of a written order, Thornburg moved for reconsideration. The district court

---

[2]Saticoy Bay observes that the high purchase price (relative to that of other foreclosure properties) was due to the sale being held shortly after this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), which held that an HOA's foreclosure of the superpriority portion of its lien could extinguish the first deed of trust.

[3]Red Rock joined Spanish Trail's countermotion for summary judgment.

converted Thornburg's motion for reconsideration into a motion for summary judgment. The court then granted summary judgment in favor of Thornburg, holding that Saticoy Bay's interest was subject to Thornburg's deed of trust in light of BANA's superpriority tender. The district court also sua sponte dismissed with prejudice Saticoy Bay's misrepresentation claim against Spanish Trail and Red Rock.

Timpa Trust subsequently filed a motion for summary judgment to recover the excess proceeds pursuant to NRS 116.31164. Red Rock also made a claim to the excess proceeds and sought the attorney fees and costs that it incurred in connection with holding the foreclosure sale, which Timpa Trust did not challenge. Saticoy Bay disagreed, arguing that the funds should be distributed to Thornburg and applied to the outstanding loan balance. Thornburg did not respond to Timpa Trust's motion. The district court granted summary judgment for Timpa Trust, awarding Timpa Trust the excess proceeds less an award to Red Rock of roughly $29,000 in attorney fees and costs.

Saticoy Bay thereafter moved for reconsideration. In addition, Saticoy Bay argued that the district court should have awarded the excess proceeds to Thornburg. Saticoy Bay further contended that the district court should refuse to award Timpa Trust the excess proceeds out of equity concerns to avoid a "windfall" to Timpa Trust. Saticoy Bay argued that a footnote in this court's decision in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev. 42, 435 P.3d 1217 (2019), provided Saticoy Bay the right to request that the sale of the property be set aside. Saticoy Bay also moved to file a Fourth Amended Complaint to request that the foreclosure sale be unwound. The district court denied Saticoy Bay's

motions for reconsideration and to amend its complaint. This appeal followed.

## DISCUSSION

*Saticoy Bay's appeal is timely*

As a preliminary matter, Spanish Trail and Red Rock contend that Saticoy Bay's challenge to the district court's summary judgment order wherein it dismissed Saticoy Bay's misrepresentation claim is untimely because the notice of appeal challenging that decision was filed more than 30 days after notice of entry of the order was filed. Saticoy Bay responds that its challenge to that order was timely because the order was not a final judgment, as it did not resolve which parties would receive the excess proceeds from the foreclosure sale.

A final judgment "disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). NRAP 4(a)(1) requires that an aggrieved party file a notice of appeal within 30 days after notice of a judgment's entry is served, which is a prerequisite for this court to obtain jurisdiction over the appeal. *See Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987) (recognizing that an "untimely notice [of appeal] fail[s] to invoke this court's jurisdiction").

We conclude that Saticoy Bay's appeal is timely. While the district court determined in its first summary judgment order that Thornburg's deed of trust survived the foreclosure sale, it did not resolve which parties were entitled to the excess proceeds from the sale, which was an issue that was pending. *See Lee*, 116 Nev. at 426, 996 P.2d at 417 (observing that a final judgment "disposes of *all* the issues presented in the

SUPREME COURT
OF
NEVADA

(O) 1947A

case" (emphasis added)); *see also Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that an interlocutory order may properly be challenged in the context of an appeal from a final judgment). This issue was resolved when the district court later entered summary judgment awarding the excess proceeds to Timpa Trust and Red Rock. Lastly, Spanish Trail concedes that Saticoy Bay's appeal of the excess proceeds order is timely. Therefore, because this court has jurisdiction, we turn to the substance of Saticoy Bay's appeal of the district court's summary judgment rejecting its misrepresentation claim against Spanish Trail and Red Rock. *See Lee*, 116 Nev. at 426, 996 P.2d at 417; *Consol. Generator-Nev.*, 114 Nev. at 1312, 971 P.2d at 1256.[4]

*The district court did not err by dismissing Saticoy Bay's misrepresentation claim against Red Rock and Spanish Trail*

Saticoy Bay challenges the district court's dismissal of its misrepresentation claim on two primary grounds. First, Saticoy Bay contends that if it had been permitted to pursue this claim, it could have produced evidence that it inquired into whether a tender had been made and that, in response, either Red Rock or Spanish Trial misrepresented that a tender *had not* been made. Second, Saticoy Bay argues that Spanish Trail had a statutory duty to proactively record BANA's tender. We determine that both of Saticoy Bay's arguments fail and therefore affirm the district court's dismissal of its misrepresentation claim.

---

[4]Spanish Trail maintains that Saticoy Bay essentially abandoned its misrepresentation claim by signing the proposed summary judgment order. However, Spanish Trail does not support its claim with salient authority or cogent argument on this point, so we do not consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

*Saticoy Bay failed to allege that it inquired into whether tender had been made*

Saticoy Bay contends that the district court erred by dismissing its misrepresentation claim because Spanish Trail's and Red Rock's failure to disclose that BANA proffered tender upon Saticoy Bay's inquiry amounted to intentional misrepresentation. Saticoy Bay also contends that the district court denied it the opportunity to present evidence that it had inquired into whether tender had been made. We review the district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

To sufficiently state a claim for intentional misrepresentation, the plaintiff must allege, among other elements, "a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation." *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 427 (2007). A party makes a false representation when it suppresses or omits "a material fact which [the] party is bound in good faith to disclose . . . ." *Nelson*, 123 Nev. at 225, 163 P.3d at 426 (internal quotation marks omitted).

In its summary judgment order, the district court dismissed Saticoy Bay's misrepresentation claim against Spanish Trail and Red Rock without explanation. Nonetheless, we conclude that the district court's dismissal was proper. First, Saticoy Bay fails to point to anywhere in the record wherein it alleged that it asked Spanish Trail or Red Rock whether tender had been made. Notably, its Third Amended Complaint (which was Saticoy Bay's operative complaint at the time the district court dismissed the misrepresentation claim) contained no allegations that it had inquired into whether a superpriority tender had been made. Second, the absence of a direct assertion from Saticoy Bay stating affirmatively that it had inquired is telling. Iyad Haddad, the manager of Saticoy Bay's trustee,

submitted an affidavit in conjunction with Saticoy Bay's motion for summary judgment against Thornburg stating, "[p]rior to and at the time of the foreclosure sale, there was nothing in the public record to put me on notice of any claims or notices that any portion of the lien had been paid." Additionally, Haddad noted that "[a]t no time prior to the foreclosure sale did I receive any information from the HOA or the foreclosure agent about the property or the foreclosure sale." Thus, Saticoy Bay's own affiant did not expressly assert that he had inquired into whether tender had been made, much less that Spanish Trial or Red Rock falsely represented that a tender *had not* been made.

Consequently, Saticoy Bay failed to demonstrate that either entity made a false representation or material omission.[5] *Cf. Nelson*, 123 Nev. at 225, 163 P.3d at 427. Therefore, although the district court did not provide a reason for dismissing Saticoy Bay's misrepresentation claim, we nevertheless affirm the dismissal of that claim. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court); *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (concluding that summary judgment is appropriate when the pleadings and all other evidence in the record demonstrate that there is no genuine issue of material fact).

---

[5]Because we conclude that Saticoy Bay failed to demonstrate the first element of its misrepresentation claim (i.e., that Spanish Trail and Red Rock made a false representation), we need not analyze the other elements of the claim. *See Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992) (observing that "[w]here an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper").

Additionally, Saticoy Bay's contention that it did not have an opportunity to present evidence that it inquired into whether tender had been made fails. After the district court dismissed Saticoy Bay's misrepresentation claim in its Third Amended Complaint, Saticoy Bay sought leave to file a Fourth Amended Complaint. Even in its proposed complaint, however, Saticoy Bay failed to allege that it inquired into whether a superpriority tender had been made. Saticoy Bay could have made such an allegation and presented any such evidence at that time or in conjunction with its motion for reconsideration but did not avail itself of the opportunity to do so. Accordingly, to the extent that Saticoy Bay asked the district court for an opportunity to present evidence that it inquired into whether a tender had been made, we conclude that Saticoy Bay was afforded a sufficient opportunity.

*There was no statutory duty to disclose that tender had been made prior to 2015*

Saticoy Bay also argues that, regardless of whether it inquired into whether a tender was made, dismissal of its misrepresentation claim was improper because Spanish Trail had a statutory duty to proactively disclose that tender had been made. We determine that this argument is without merit.

In 2015, the Legislature enacted NRS 116.31164(2), which provides that when a tender has been made, the HOA is generally prohibited from conducting a foreclosure sale unless the tender is first publicly recorded. 2015 Nev. Stat., ch. 266, § 5, at 1340-41 (amending NRS

116.31164).[6] Since that time, in a series of unpublished orders, this court has roundly rejected the notion that an HOA had a duty to disclose whether tender of the superpriority portion of the lien had been made prior to the amendment of NRS 116.31164 in 2015. *See, e.g., Saticoy Bay, LLC, Series 3237 Perching Bird v. Aliante Master Ass'n*, No. 80760, 2021 WL 620978, at *1 (Nev. Feb. 16, 2021) (Order of Affirmance); *Saticoy Bay, LLC, Series 3984 Meadow Foxtail Dr. v. Sunrise Ridge Master Ass'n*, No. 80204, 2021 WL 150737, at *1 (Nev. Jan. 15, 2021) (Order of Affirmance); *Saticoy Bay, LLC, Series 5413 Bristol Bend Ct. v. Nev. Ass'n Servs.*, No. 78433, 2020 WL 6882781, at *1 (Nev. Nov. 23, 2020) (Order of Affirmance).

We take this opportunity to reaffirm our legal holding. To the extent that Saticoy Bay's misrepresentation claim was based upon a failure to record that a tender had been made (or offered), the claim fails as a matter of law because an HOA had no statutory duty prior to 2015 to disclose a tender by recordation. The foreclosure sale here occurred in 2014, and therefore neither Red Rock nor Spanish Trail had any statutory duty to record that BANA tendered the superpriority portion of the lien. *Compare* NRS 116.31164(2) (2015) (requiring an HOA to disclose if tender

---

[6]NRS 116.31164(2) reads in full:

> If the holder of the security interest described in paragraph (b) of subsection 2 of NRS 116.3116 satisfies the amount of the association's lien that is prior to its security interest not later than 5 days before the date of sale, the sale may not occur unless a record of such satisfaction is recorded in the office of the county recorder of the county in which the unit is located not later than 2 days before the date of sale.

of the superpriority portion of the lien has been made), *with* NRS 116.31164 (2013) (not requiring any such disclosure).

Therefore, because Spanish Trail did not have a statutory duty to record BANA's tender, we conclude that the district court did not err by granting summary judgment on Saticoy Bay's misrepresentation claim against Red Rock and Spanish Trail.[7]

*The district court did not err by awarding Timpa Trust and Red Rock the excess proceeds*

Saticoy Bay next argues that the district court erred by awarding Timpa Trust the excess proceeds from the foreclosure sale instead of distributing them to Thornburg because this would provide an "unjust windfall" to Timpa Trust. We review the district court's interpretation of NRS 116.31164(8)(b), the statute governing the distribution of excess proceeds from a foreclosure sale, de novo. *See Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014).

---

[7]Amicus curiae SFR Investments Pool 1, LLC, argues that this court should overturn *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 427 P.3d 113 (2018) (holding that tendering the superpriority portion of an HOA's lien cures the default as to that portion of the HOA's lien by operation of law and that an ensuing HOA foreclosure sale does not extinguish a first deed of trust). We decline the invitation to do so because, among other reasons, amici may not present novel issues not argued by the parties. *See Select Portfolio Servicing, Inc. v. Dunmire*, No. 77251, 2020 WL 466816, at *2 n.4 (Nev. Jan. 27, 2020) (Order of Affirmance) (declining to consider new issues raised by amicus); *see also Martin v. Peoples Mut. Sav. & Loan Ass'n*, 319 N.W.2d 220, 230 (Iowa 1982) ("Reviewable issues must be presented in the parties' briefs, not an amicus brief."); *Noble Manor Co. v. Pierce County*, 943 P.2d 1378, 1380 n.1 (Wash. 1997) ("Appellate courts will not usually decide an issue raised only by amicus.").

NRS 116.31164(8)(b) provides a distribution sequence for the excess proceeds from an HOA foreclosure sale.[8] In relevant part, the statute provides as follows:

> 8. After the sale, the person conducting the sale shall:
>
> . . .
>
> (b) Apply the proceeds of the sale for the following purposes in the following order:
>
> (1) The reasonable expenses of sale;
>
> (2) The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association;
>
> (3) Satisfaction of the association's lien;
>
> (4) Satisfaction in the order of priority of any subordinate claim of record; and
>
> (5) Remittance of any excess to the unit's owner.

Here, the district court properly applied NRS 116.31164(8)(b). The court correctly awarded Red Rock a portion of the excess proceeds in attorney fees and costs pursuant to subsection (8)(b)(2), accurately observed that Thornburg did not have a "subordinate" interest in the property for purposes of subsection (8)(b)(4) in light of its superpriority tender, and provided the rest of the proceeds to Timpa Trust as the former homeowner

---

[8]The Nevada Legislature again amended NRS 116.31164, effective October 1, 2021. *See* 2021 Nev. Stat., ch. 549, § 1.9, at 3747-49. The statute was not materially amended with respect to this matter, and we cite to the current version of the statute.

of the property pursuant to subsection (8)(b)(5).[9] Far from providing an "unjust windfall" to Timpa Trust as Saticoy Bay alleges, the district court's excess proceeds order strictly followed the letter of the law. Simply put, there is no statutory provision that supports Saticoy Bay's contention to the contrary. We therefore affirm the district court's summary judgment order regarding the excess proceeds of the foreclosure sale.

*The district court did not abuse its discretion by denying Saticoy Bay's motion for reconsideration*

Saticoy Bay contends that the district court erred by declining to reconsider its request to unwind the foreclosure sale in light of *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev. 42, 43 n.5, 435 P.3d 1217, 1218 n.5 (2019) (*Jessup I*). Specifically, Saticoy Bay asserts that footnote 5 in *Jessup I* stands for the proposition that parties are required to state their preference as to whether the sale of the property should be set

---

[9]Saticoy Bay contends that this award was improper because, in its view, subsection (8)(b)(2) authorizes an award of attorney fees only when those fees are incurred in connection with preparing for and holding the foreclosure sale and not in connection with subsequent litigation regarding the sale's effect, as was the case here. While this is a plausible reading of subsection (8)(b)(2), we decline to address Saticoy Bay's argument because, as reflected in the district court's order, Saticoy Bay did not object to Red Rock's fee request. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623, P.2d 981, 983 (1981) (observing that this court generally declines to consider arguments raised for the first time on appeal). Although Saticoy Bay suggested that it "inherently" challenged Red Rock's request by virtue of challenging the overall distribution of excess proceeds, we disagree. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 438, 245 P.3d 542, 545 (2010) ("[A] district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim.").

aside or whether the deed of trust remains as an encumbrance on the property after a foreclosure sale.[10]

This court generally reviews a district court's order denying a motion for reconsideration for an abuse of discretion. *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). Reconsideration may be appropriate where a party introduces substantially different evidence or the court's decision is clearly erroneous. *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997).

We conclude that the district court's order is not clearly erroneous for two reasons. First, *Jessup I* is not controlling law: the court vacated *Jessup I*, and thus that decision lacks precedential effect. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2020 WL 2306320 (Nev. May 7, 2020) (Order Affirming in Part, Reversing in Part, and Remanding) (*Jessup II*); *see also L.A. News Serv. v. Tullo*, 973 F.2d 791, 794 n.4 (9th Cir. 1992) (determining that a vacated opinion lacks precedential value); Michael D. Moberly, *This Is Unprecedented: Examining the Impact of Vacated State Appellate Court Opinions*, 13 J. App. Prac. & Process 231, 231-32 (2012) (noting that several state and federal appellate courts have

---

[10]In footnote 5, this court wrote that

> [a]s the Bank's deed of trust was not extinguished, we need not address the viability of the Bank's claims against [the HOA and its agent]. Similarly, we need not address the Bank's remaining arguments in support of its deed of trust remaining intact, as neither the Bank nor the Purchaser have expressed whether they would prefer to have the sale set aside or have the Purchaser take title to the property subject to the first deed of trust.

held that vacated judicial opinions have no precedential value). Second, even if *Jessup I* were good law, footnote 5 is not on point: this court merely noted therein that "we need not address" whether the bank's deed of trust remained intact. 135 Nev. at 43 n.5, 435 P.3d at 1218 n.5. This court did not suggest, let alone require, as Saticoy Bay contends, that parties state their preference as to whether the sale of the property should be set aside or whether the deed of trust should remain as an encumbrance after a foreclosure sale. Therefore, Saticoy Bay has not shown the district court abused its discretion in denying reconsideration.

*The district court did not abuse its discretion by denying Saticoy Bay's motion to amend its complaint*

Saticoy Bay also contends that the district court erred by denying Saticoy Bay's request for leave to make a post-judgment amendment to its complaint to (1) allege that under the principles of equitable subrogation, the excess proceeds should be awarded to Thornburg or to itself, and (2) set forth a claim of unjust enrichment against Spanish Trail and Red Rock.[11]

This court reviews an order denying a motion for leave to amend a pleading pursuant to NRCP 15 for an abuse of discretion. *Kantor v. Kantor*, 116 Nev. 886, 891, 8 P.3d 825, 828 (2000). As we held in *Greene v. Eighth Judicial District Court*, "a district court lacks jurisdiction to allow amendment of a complaint, once final judgment is entered, unless that judgment is first set aside or vacated pursuant to the Nevada Rules of Civil Procedure." 115 Nev. 391, 396, 990 P.2d 184, 187 (1999). NRCP 15(b)(2)

---

[11]Saticoy Bay also sought leave to amend its complaint to assert a claim that *Jessup I* requires that the foreclosure sale be unwound. That claim would have been futile for the reasons just mentioned.

creates a narrow exception to *Greene*, permitting a post-judgment amendment to conform the pleadings to the evidence and state an issue that has been tried by the consent of the parties.

We conclude that the district court did not abuse its discretion because it neither made a clearly erroneous factual determination nor disregarded controlling law. *See MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 88, 367 P.3d 1286, 1292 (2016) ("An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or it disregards controlling law."). Saticoy Bay concedes that it did not plead an equitable subrogation claim in its complaint, and such a claim was never considered by the district court. Nor was this issue tried by the consent of the parties. Thus, Saticoy Bay's motion to amend does not fall within the exception outlined in NRCP 15(b)(2). Accordingly, we conclude that the district court did not abuse its discretion in denying Saticoy Bay's motion to amend its complaint.[12]

## CONCLUSION

HOAs had no statutory duty to record whether tender of the superpriority portion of their lien on a property was made until 2015, when the Legislature amended NRS 116.31164 to impose such a duty. Given the lack of such a statutory duty and Saticoy Bay's failure to demonstrate a genuine issue of material fact with respect to any alleged false representation or material omission, we determine that the district court's summary judgment on Saticoy Bay's misrepresentation claim against

---

[12]Saticoy Bay also requests that the award of attorney fees to Red Rock be reversed if the foreclosure sale is unwound. Because we affirm the district court's denial of Saticoy Bay's request to unwind the foreclosure sale, we deny this request.

Spanish Trail and Red Rock was proper. We also affirm the district court's summary judgment regarding distribution of the excess proceeds of the foreclosure sale, as well as the district court's denial of Saticoy Bay's motion for reconsideration and motion to amend.

                                      _____, J.
                                        Stiglich

We concur:

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Silver

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A